**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKEITH AMIR-SHARIF, # 05081644,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0175-G |
| | ) | ECF |
| **COMMISSIONERS OF DALLAS TEXAS,** | ) | |
| **et al.,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by a pre-trial detainee.

Parties:  Plaintiff is presently incarcerated at the Dallas County Jail.

Defendants are Dallas Commissioners, Sheriff Lupe Valdez, the Dallas County Sheriff's Department, Chief Deputy Mona Birdwell, Chief Deputy Danny Downs, Captain James Howell, John or Jane Doe Sgt. in central control panel, former Judge Manny Alvarez, Assistant Public Defender Douglas H. Schopmeyer, Appointed counsel John H. Read, II, the Dallas County Public Defenders' Office, Chief Bradley K. Lollar, Assistant Chief Lynn Pride-Richardson, Dallas County Magistrate Judge Dorothy Shead, and Dallas County Commissioners Court.

The Court did not issue process in this case pending preliminary screening.

<u>Statement of Case</u>:  Plaintiff seeks to sue numerous Dallas County officials for the one and one-half-year delay in arraigning him in Cause No. F05-59639, and in bringing him before a judge for the purpose of setting bail.  (Complaint at 4-C).  He requests monetary, injunctive and declaratory relief.

<u>Findings and Conclusions</u>:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court.  *See also* 28 U.S.C. § 1915A(a) and (b).

Sections 1915(e)(2)(B) and 1915A(b)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements:  (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The gravamen of Plaintiff's complaint is the Defendants' delay in arraigning him in Cause No. F05-59639, although he was in their custody for over one year.  Plaintiff explains that on October 11, 2005, he was arrested on various charges, including Cause No. F05-59639.  Yet Defendants neither arraigned him nor brought him before a judge for the purpose of setting bail in Cause No. F05-59639 until December 5, 2006.

Plaintiff's allegations, even when liberally construed, fail to raise a cognizable constitutional claim.  Neither the laws nor the Constitution of the United States recognize or require an arraignment within a set amount of time of a person's arrest.  In *County v. Riverside v.*

*McLaughlin*, 500 U.S. 44, 57 (1991), the Supreme Court held that a determination of probable cause for an arrestee's continued confinement by a judicial officer must ordinarily be made within 48 hours of the person's arrest.  However, there is no correlative right to a speedy arraignment.  Moreover, Plaintiff concedes that there were additional basis for his October 11, 2005, arrest, including Cause Nos. F05-25061, for which bail had been set at $150,000.  (*See* Exhibit attached to the Complaint).

Insofar as Plaintiff seeks to challenge the unreasonableness of the bond amount, such a claim is cognizable only in state a pretrial application for writ of habeas corpus asserting the bond was excessive and asking the trial court to reduce it and set a reasonable bond.  *Ex parte Tucker,* 977 S.W.2d 713, *715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978) (proper method to challenge excessiveness of bail prior to trial is by application for writ of habeas corpus)).

Similarly, any speedy trial claim must first be raised in the state trial court by filing a speedy trial motion, and then by petition for writ of mandamus in the Texas Court of Criminal Appeals.  *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915(e).

It if further recommended that Plaintiff's motion for order to provide docket report for newly filed section 1983 complaint (docket #7) be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.