UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0175-G |
| COMMISSIONERS OF DALLAS, | ) | |
| TEXAS COUNTY JAIL, ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion by the *pro se* plaintiff LaKeith Amir-Sharif

("Amir-Sharif" or "the plaintiff") for reconsideration of order dated April 17, 2007

dismissing complaint.  For the reasons stated herein, the motion is denied.

### I. BACKGROUND

The underlying cause of action is a civil rights complaint filed by Amir-Sharif

following his October 11, 2005 arrest on various state charges, including state cause

numbers F05-59639 and F05-25061.  Shortly after his arrest, the plaintiff was

arraigned on cause number F05-25061, and bail was set at $150,000.  However,

Amir-Sharif was not arraigned on cause number F05-59639 until December 5, 2006, approximately fourteen months following his arrest.  In this suit, the plaintiff alleges that the delay in arraigning him on cause number F05-59639 constituted a violation of various constitutional rights, including due process and equal protection.

This court referred the plaintiff's case to Magistrate Judge William F. Sanderson, Jr. pursuant to 28 U.S.C. § 636(b).  Because Judge Sanderson permitted Amir-Sharif to proceed *in forma pauperis*, the complaint was subject to screening under 28 U.S.C. § 1915(e).  The findings, conclusions and recommendation of Judge Sanderson ("the findings") were filed on February 23, 2007.  This court subsequently granted Amir-Sharif an extension to April 13, 2007 within which to file his objections, if any, to the findings.  To date, no objections have been received by the court.  On April 17, 2007, this court accepted the findings and dismissed with prejudice the plaintiff's complaint.

The instant motion for reconsideration was filed on April 23, 2007.  Amir-Sharif alleges that he filed his objections to the findings on April 12, 2007 by depositing his written objections into the court's drop-box.  Attached to the motion for reconsideration as exhibit A is a copy of the purported objections.

## II.  ANALYSIS

The Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*."  *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.

- 2 -

1990), *cert. denied*, 510 U.S. 859 (1993).  Courts in the Fifth Circuit treat so-called

motions to reconsider either as motions to alter or amend under Rule 59 or as

motions for relief from judgment under Rule 60.  *Id.*  If the motion is served within

ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is

served after that time, it falls under Rule 60(b).  *Id.*; *Harcon Barge Co., Inc. v. D & G

Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930

(1986).  In this case, because the motion was filed within ten days of the court's

order, the court will treat the motion under Rule 59(e).

   "A motion to alter or amend the judgment under Rule 59(e) must clearly

establish either a manifest error of law or fact or must present newly discovered

evidence and cannot be used to raise arguments which could, and should, have been

made before the judgment issued."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d

563, 567 (5th Cir. 2003) (internal quotations omitted).  "Relief under Rule 59(e) is

also appropriate when there has been an intervening change in the controlling law."

*Id*.  Some courts have found that a motion to alter or amend may also be granted if

granting the motion is necessary to prevent manifest injustice.  *Fresh America

Corporation v. Wal-Mart Stores, Inc.*, No. 3:03-CV-1299-M, 2005 WL 1253775, at *1

(N.D. Tex. May 25, 2005) (Lynn, J.).  "Because Rule 59(e) is not subject to the

limitations of Rule 60(b), the district court has considerable discretion in deciding

- 3 -

whether to reopen a case in response to a motion for reconsideration arising under the former rule." *Lavespere*, 910 F.2d at 174.

Assuming, without deciding, that Amir-Sharif's assertion that he timely submitted his objections to the court via the court's drop-box is an accurate statement of fact the court concludes that the filing of the objections alone is insufficient to warrant reconsideration of the court's order and judgment. The plaintiff must proffer some argument indicating that the prior order was based on a manifest error of law or fact. Thus, the court will examine the substantive arguments of the plaintiff's objections as included in exhibit A. Upon consideration of these objections, the court adheres to its order accepting the findings and its judgment dismissing the underlying cause of action. It is no violation of any recognized constitutional right for the defendants to have delayed in arraigning Amir-Sharif while he was being detained on other charges for which he had been arraigned and had not posted bail.[*]

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion to alter or amend judgment is **DENIED**.

---

[*]     Had the court received the objections in a timely manner, the substantive arguments included therein would not have persuaded the court upon its *de novo* review of the findings to enter a judgment different from the one previously ordered. Whether considered under the broad *de novo* review of 28 U.S.C. § 636(b) or the narrow review of Rule 59(e), Amir-Sharif's objections demonstrate no error in the findings or this court's order dismissing his complaint as frivolous.

**SO ORDERED**.

May 4, 2007.

A. JOE FISH
CHIEF JUDGE